**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  09-cv-00143-REB-BNB

KAREN K. PALMER,

      Plaintiff,

v.

SAFEWAY, INC., a Delaware corporation,

      Defendant.

**ORDER GRANTING DEFENDANT SAFEWAY'S
MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before me is **Defendant Safeway's Motion for Summary Judgment** [#25][1] filed November 17, 2009.  I grant the motion.

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction of state law claims).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586,

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

Plaintiff formerly was employed by defendant as a pharmacist.  On March 28, 2007, while plaintiff was filling a prescription for a customer, her pharmacy technician, Shelley Kiel, noted a substantial difference between the $101.99 retail price of the drug and defendant's cost, which was less than $10.  After confirming that the retail price was correctly entered in defendant's computer system, plaintiff reduced the price of the

prescription by half. When plaintiff refilled the prescription for the same customer the following month, she generated a receipt reflecting the full, $101.99 retail price. The customer questioned why the cost of the prescription to her had doubled since the month prior. Rather than re-ring the transaction, plaintiff simply collected $49.94 from the customer without voiding the original receipt or generating a new one. In other words, although the receipt indicated that plaintiff collected $101.99 from the transaction, she, in fact, collected only half that amount without correcting the discrepancy. Plaintiff testified, and there appears to be no reason to question, that she simply forgot to do so.

Kiel observed these events and, concerned that they violated company policy, reported the incident to the Pharmacy Manager, Mark Anderson, who, in turn, sent an email to his supervisor, Jim Hunter. Together with a company investigator, Chad Gentry, Hunter interviewed plaintiff and Kiel. Given plaintiff's acknowledgment that the transactions had occurred as described above, Hunter suspended her pending completion of the investigation. Hunter concluded subsequently that plaintiff had violated defendant's Code of Business Conduct, which requires, pertinently, that

> [a]ll financial transactions and funds must be properly recorded and accounted for on the Company's books supported by adequate documentation. Records must be accurate, complete and auditable.

After consulting with Gentry, the Pharmacy Director, Joe Cooper, and Raelene Kerner, a human resources representative, all of whom concurred that plaintiff's actions warranted termination, Hunter fired plaintiff. This lawsuit, alleging causes of action for age and sex discrimination, negligent supervision, defamation, extreme and outrageous

conduct, and promissory estoppel, followed.

Plaintiff's age and sex discrimination claims turn on whether defendant's asserted legitimate nondiscriminatory reasons for plaintiff's termination are pretextual. Plaintiff presents neither argument nor evidence suggesting that similarly situated male and/or younger employees were subject to more lenient discipline than she in the face of similar circumstances.[2]  **See Rivera v. City and County of Denver**, 365 F.3d 912, 921 (10th Cir. 2004); **Kendrick v. Penske Transportation Services, Inc.**, 220 F.3d 1220, 1230 (10th Cir. 2000). Instead, she relies on that line of authority that provides that "[a] plaintiff can show pretext by revealing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action [such] that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reason." **Garrett v. Hewlett-Packard Co.**, 305 F.3d 1210, 1217 (10th Cir. 2002) (citation and internal quotation marks omitted; alteration in original). Plaintiff suggests that this standard is met because defendant's explanation of its reasons for her termination changed over time.[3]  I cannot agree. All the various iterations of the reasons for defendant's decision are merely variations on the same

---

[2] Indeed, the evidence shows that two other pharmacists who were found to have *actually* engaged in theft by providing discounts on prescriptions to friends were terminated and/or resigned. (Plf. Resp. App., Exh. N.) Although plaintiff uses these incidents to argue that defendant was reckless in terminating her when she had not actually engaged in theft, Title VII does not prevent an employer from being reckless, harsh, or unfair.  **See Timmerman v. U.S. Bank**, 483 F.3d 1106, 1120 (10th Cir. 2007). **See also Hardy v. S.F. Phosphates Ltd. Co.**, 185 F.3d 1076, 1083 (10th Cir. 1999) ("Our role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments.") (citation and internal quotation marks omitted).

[3] Some of the statements on which plaintiff seeks to rely in this regard were made by persons not involved in the termination decision, and, therefore, are not relevant to the pretext analysis.

theme: that plaintiff's conduct had the appearance of theft.[4]  ***See Smith v. Oklahoma***, 245 Fed. Appx. 807, 817 (10th Cir. Aug. 23, 2007) (finding no error in granting summary judgment where explanations for plaintiff's discharge were "not part of a long line of 'new' reasons but an increasingly detailed explanation" of defendant's rationale for its decision).  Similarly, plaintiff's argument that defendant failed to follow its own progressive discipline policy in firing her finds no traction.  ***See Timmerman v. U.S. Bank***, 483 F.3d 1106, 1119-20 (10th Cir. 2007); ***Garrett***, 305 F.3d at 1216, 1219-20.  Although defendant's general policy provides for progressive discipline, it is clear that an infraction of the type plaintiff acknowledged committing was grounds for immediate termination.  Given those undisputed facts, defendant's motion for summary judgment as to plaintiff's age and sex discrimination claims must be granted.

Plaintiff's claims for defamation, negligent supervision, and outrageous conduct fare no better.  Plaintiff essentially agrees that her defamation claim is barred by limitations.  (***See*** Plf. Resp. Br. at 10.)  All the allegedly defamatory statements on which she relies were made no later than August, 2007.  This lawsuit was filed in January, 2009, well outside the one-year statute of limitations applicable to such claims. §13-80-103(1)(a), C.R.S.; ***see Conrad v. The Education Resources Institute***, 652 F.Supp.2d 1172, 1186 (D. Colo. 2009) (cause of action for defamation accrues when statements are published).  As for her negligent supervision claim, although plaintiff argues at length that defendant was reckless in its treatment of her, she provides no evidence

---

[4] Although plaintiff attempts to argue that Hunter falsely accused her of theft, the evidence consistently shows that the accusation was that her failure to ring the transaction correctly had the appearance of theft.

suggesting that defendant knew or should have known that Hunter posed an unreasonable risk of harm to her.  **See Moses v. Diocese of Colorado**, 863 P.2d 310, 329 (Colo. 1993), **cert. denied**, 114 S.Ct. 2153 (1994).[5]  Lastly, while the *fact* of plaintiff's termination arguably may seem harsh and perhaps overly formalistic, especially in light of her long tenure in defendant's employ, the manner in which it was accomplished was neither extreme nor outrageous, thereby dooming her claim for outrageous conduct.  **See Grandchamp v. United Air Lines, Inc.**, 854 F.2d 381, 384-85 (10th Cir. 1988) (noting that "the *manner* of the discharge, and the employer's conduct, is critical to a finding of outrageous conduct" in connection with termination of an employee), **cert. denied**, 109 S.Ct. 1534 (1989) (emphasis in original); **cf. Kirk v. Smith**, 674 F.Supp. 803, 804 (D. Colo. 1987) (plaintiff stated claim for outrageous conduct where school superintendent physically assaulted plaintiff and threw her to the ground when he learned that she was recording their discussion about her demotion).

Finally, plaintiff has failed to state a viable claim for promissory estoppel.  Plaintiff relies for this claim on statements in defendant's Code of Business Conduct to the effect that defendant prides itself on its reputation for honesty, integrity, and fairness.  (Plf. Resp. App., Exh. L.)  Such vague, horatory declarations, however, are insufficient to create the type of promise on which a promissory estoppel claim can be premised.  **See Vasey v. Martin Marietta Corp.**, 29 F.3d 1460, 1465 (10th Cir. 1994) (assurances of fair treatment found too vague to be enforceable under Colorado law); **Soderlun v. Public**

---

[5] Instead, plaintiff seems to be arguing that defendant had a duty to correct Hunter's alleged missteps in the investigation and termination decision based on the elements of a simple negligence claim, but plaintiff has not asserted such a claim.  (**See Pretrial Order** at 2-4 [#34] filed December 14, 2009.)

*Service Co. of Colorado*, 944 P.2d 616, 621 (Colo. App. 1997) (statement in company's Corporate Code of Business Conduct enjoining employees to observe high ethical and moral standards in dealings with one another not enforceable under promissory estoppel theory).

Accordingly, even viewing the evidence in the light most favorable to plaintiff, I find and conclude that there are no genuine issues of material fact with respect to any of plaintiff's claims in this lawsuit and that, therefore, defendant is entitled to summary judgment.

**THEREFORE IT IS ORDERED** as follows:

1.  That **Defendant Safeway's Motion for Summary Judgment** [#25] filed November 17, 2009, is **GRANTED**;

2.  That plaintiff's claims against defendant in this matter are **DISMISSED WITH PREJUDICE**;

3.  That judgment **SHALL ENTER** on behalf of defendant, Safeway, Inc., against plaintiff, Karen K. Palmer, on all claims for relief and causes of action;

4.  That the Trial Preparation Conference, currently scheduled for Friday, February 5, 2010, at 10:30 a.m., as well as the trial, currently scheduled to commence on Monday, February 22, 2010, are **VACATED**; and

5.  That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated January 21, 2010, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge